United States District Court
Southern District of Texas
**ENTERED**
April 02, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SAUL VERA ZARATE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-02369 |
| | § | |
| BRET BRADFORD, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## ORDER OF DISMISSAL

The petitioner, Saul Vera Zarate, is a detainee in the custody of United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") officials. Through counsel, petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his detention. Doc. No. 1.

The Court may dismiss a habeas petition on the pleadings "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (authorizing preliminary review and summary dismissal of habeas petitions on the pleadings).[1]

The petition reflects that Petitioner is a noncitizen who entered the United States without inspection in 2011. Doc. No. 1 at 4. Petitioner does not plead facts to show that

---

[1] A district court may apply any of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under 28 U.S.C. § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts.

1 / 3

he has been lawfully admitted into the United States, and he does not so contend. He has been detained for less than a month to date.

Petitioner argues that, because he has been present in the United States for over two years at the time he was taken into mandatory detention, he is entitled to a bond hearing under 8 U.S.C. § 1226(a), the statute permitting discretionary bond, and that he has been miscategorized as a detainee subject to mandatory detention under 8 U.S.C. § 1225(b). Petitioner's arguments regarding sections 1225 and 1226 and their implementing regulations are foreclosed by *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498 (5th Cir. Feb. 6, 2026). Because Petitioner entered without inspection and has not obtained lawful status, he is an applicant for admission subject to 8 U.S.C. § 1225(b)(2). *See id.*[2] Thus, his detention is mandated *by statute*.

In addition, Petitioner's Fifth Amendment due process claims are precluded, at this juncture, by *Demore v. Kim*, 538 U.S. 510, 531 (2003), because "[d]etention during removal proceedings is a constitutionally permissible part of that process." *Id.* (citations omitted); *see also Jennings v. Rodriquez*, 583 U.S. 281, 297 (2018) (explaining that "§§1225(b)(1) and 1225(b)(2) thus mandate detention of applicants for admission until certain proceedings have concluded").

Finally, Petitioner's claims regarding the Administrative Procedure Act ("APA") are unavailing for two reasons. First, the APA claim fails because an "adequate remedy in

---

[2] The petition does not acknowledge the binding precedent in *Buenrostro-Mendez* that forecloses his claims regarding his detention under section 1225(b)(2) versus section 1226(a) and the related Immigration and Nationality Act and Administrative Procedure Act claims which rest on an interpretation of the INA that has been rejected by the Fifth Circuit.

a court" is available via habeas corpus. 5 U.S.C. § 704. Second, Petitioner's arguments regarding the APA hinge on his contention that he is being held under section 1226(a), but as explained above, he is being held under section 1225(b)(2) as a noncitizen who entered without inspection and is therefore an applicant for admission. *See Buenrostro-Mendez*, 166 F.4th at 498.

Therefore, the Court **ORDERS** as follows:

1. The petition (Doc. No. 1) is **DISMISSED** without prejudice.

2. All other pending motions, if any, are **DENIED as MOOT**.

SIGNED on this ___2ⁿᵈ___ day of April 2026.

_____

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE